**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03117-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

NATHAN JERARD DUNLAP,

    Plaintiff,

v.

RICK RAEMISCH, in his individual and official capacities as Executive Director of the
    Colorado Department of Corrections,
MARK FLOWERS, in his individual and official capacities as Director of Prisons of the
    Colorado Department of Corrections,
TONY CAROCHI, in his individual and official capacities as Director of Prisons of the
    Colorado Department of Corrections,
LOU ARCHULETA, in his individual and official capacities as Director of Prisons of the
    Colorado Department of Corrections,
KEVIN MILYARD, in his individual and official capacities as Deputy Director of Prisons
    of the Colorado Department of Corrections,
LARRY REID, in his individual and official capacities as Deputy Director of the Prisons
    of the Colorado Department of Corrections,
JAMES FALK, in his individual and official capacities as Warden of the Sterling
    Correctional Facility,
DONNA SIMS, individually, and in her official capacity as Review Committee Member,
J. CONE, whose true name is unknown, individually, and in his official capacity as
    Approving Housing Supervisor,
JOHN CRUSSELL, individually, and in his official capacity as Review Committee
    Member,
MICHELLE NYCZHALLIGAN, individually, and in her official capacity as Review
    Committee Member,
DAVE SCHERBARTH, individually, and in his official capacity as Appointing Authority,
JEFF PETTERSON, individually, and in his official capacity as Review Committee
    Member,
WINGERT, whose true name is unknown, individually, and in her official capacity as
    Review Committee Member,
STURGEON, whose true name is unknown, individually, and in his/her official capacity
    as Review Committee Member, and
RYAN LONG, individually, and in his official capacity as Review Committee Member,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

Plaintiff, a state prisoner in Colorado, has submitted to the court a Prisoner Complaint (ECF No. 1), a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), and Plaintiff's Notice of Associated Cases (ECF No. 4).  As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims in this action.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) xx is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (account statement submitted is too old)
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing authorization to calculate and disburse filing fee payments
(7) ___ is missing an original signature by the prisoner
(8) ___ is not on proper form (must use the court's current form)
(9) ___ names in caption do not match names in caption of complaint, petition or habeas application
(10) ___ other: _____.

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) ___ is not on proper form
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ names in caption do not match names in text
(17) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) ___ other: _____.

Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiency **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED November 18, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge