IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-03117-BNB

NATHAN JERARD DUNLAP,
        Plaintiff,

v.

RICK RAEMISCH, in his individual and official capacities as Executive Director of the
        Colorado Department of Corrections,
MARK FLOWERS, in his individual and official capacities as Director of Prisons of the
        Colorado Department of Corrections,
TONY CAROCHI, in his individual and official capacities as Director of Prisons of the
        Colorado Department of Corrections,
LOU ARCHULETA, in his individual and official capacities as Director of Prisons of the
        Colorado Department of Corrections,
KEVIN MILYARD, in his individual and official capacities as Deputy Director of Prisons
        of the Colorado Department of Corrections,
LARRY REID, in his individual and official capacities as Deputy Director of the Prisons
        of the Colorado Department of Corrections,
JAMES FALK, in his individual and official capacities as Warden of the Sterling
        Correctional Facility,
DONNA SIMS, individually, and in her official capacity as Review Committee Member,
J. CONE, whose true name is unknown, individually, and in his official capacity as
        Approving Housing Supervisor,
JOHN CRUSSELL, individually, and in his official capacity as Review Committee
        Member,
MICHELLE NYCZHALLIGAN, individually, and in her official capacity as Review
        Committee Member,
DAVE SCHERBARTH, individually, and in his official capacity as Appointing Authority,
JEFF PETTERSON, individually, and in his official capacity as Review Committee
        Member,
WINGERT, whose true name is unknown, individually, and in her official capacity as
        Review Committee Member,
STURGEON, whose true name is unknown, individually, and in his/her official capacity
        as Review Committee Member, and
RYAN LONG, individually, and in his official capacity as Review Committee Member,
        Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nathan Jerard Dunlap, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Dunlap has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his right to due process under the United States Constitution has been violated.  He seeks damages as well as declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Dunlap is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Dunlap will be ordered to file an amended complaint if he wishes to pursue his due process claim in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient because Mr. Dunlap fails to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  As a result, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.

2

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

For these reasons, Mr. Dunlap will be ordered to file an amended complaint.  Mr. Dunlap "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Dunlap file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Dunlap shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dunlap fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 9, 2013, at Denver, Colorado.

3

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge